IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE LUPIAN BAUTISTA, #1081345, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-2441-P |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type Case: This is a *pro se* petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

    Parties: Petitioner is presently incarcerated within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID). Respondent is the TDCJ-CID Director. The Court issued process in this case.

    Statement of the Case: Following his plea of not guilty, a jury convicted Petitioner for the offenses of possession with intent to deliver in the 282nd District Court of Dallas County, Texas, in cause number F01-02410-LS. On January 22, 2002, the trial court assessed punishment at fifteen years imprisonment.

On July 7, 2003, Petitioner sought state habeas corpus relief. The petition was held in abeyance to permit Petitioner to proceed on direct appeal. *Ex parte Lupian*, WR-61,094-01, at 2. On March 9, 2004, the Fifth District Court of Appeals affirmed his conviction and sentence. *Bautista v. State*, No. 05-03-01293-CR (Tex. App. -- Dallas, Mar. 9, 2004, no pet.). Thereafter, the trial court entered findings, conclusions and recommendation on the state habeas application. The Texas Court of Criminal Appeals then denied the application without written order based on the findings of the trial court without hearing. *Ex parte Lupian,* WR-61,094-01, at cover, and at 29.

In his federal habeas petition, filed on December 12, 2005, Petitioner alleges ineffective assistance of trial counsel and insufficiency of the evidence. With respect to counsel's ineffectiveness, Plaintiff asserts that counsel failed to do the following:

A. *communicate*,
B. investigate,
C. *prepare*
D. file pre-trial motions,
E. *file a <u>Brady</u> motion,*
F. *interview any witnesses,*
G. *put on any evidence,*
H. conduct pre-trial discovery,
I. *investigate possible defenses*,
J. *subject the prosecution's case to meaningful adversarial testing*,
K *consult with the defendant (more than briefly)*,
L. *contact the co-defendant Jesus Vasquez,*
M. *investigate the co-defendant Jesus Vasquez,*
N. *interview co-defendant Jesus Vasquez,*
O. *subpoena the co-defendant Jesus Vasquez,*
P. *introduce a statement given by the co-defendant Jesus Vasquez*,
Q. file a notice of appeal or discuss the options of appeal.[1]

---

[1] Petitioner's last ground, that trial counsel was ineffective for failing to file a notice of appeal, is now moot. Petitioner's *pro se* notice of appeal was heard by the trial court and granted upon reconsideration.

In response to this Court's order to show cause, Respondent filed an answer along with the state court record. He alleges that some of the ineffective assistance of counsel claims and the sufficiency of the evidence claim are unexhausted and procedurally barred, and that the remaining claims are meritless. Petitioner filed a reply objecting to the above arguments.

<u>Findings and Conclusions</u>:  The Court addresses first the exhaustion and procedural default issues, and second any remaining claims on the merits.

A.  <u>Exhaustion and Procedural Default of Ineffective Assistance of Counsel Claims Grounds A, C, E, F, G, I, J, K, L, M, N, O, P</u>

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides in pertinent part that a state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c) (West 2006); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *see also Rhines*, 544 U.S. at 274. Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his/her claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in a state application for a writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

The exhaustion requirement is not met if the petitioner presents new legal theories or

factual claims in his federal habeas petition. *Anderson v. Harless,* 459 U.S. 4, 6-7, 103 S.Ct. 276, 277-78, 74 L.Ed.2d 3 (1982); *Riley v. Cockrell,* 339 F.3d 308, 318 (5th Cir. 2003) ("It is not enough that the facts applicable to the federal claims were all before the State court, or that the petitioner made a similar state-law based claim. The federal claim must be the 'substantial equivalent' of the claim brought before the State court."), *cert. denied,* 543 U.S. 1056 (2005); *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001) ("where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement").

Respondent correctly points out that Petitioner did not adequately exhaust his ineffective assistance of counsel claims raised in grounds A, C, E, F, G, I, J, K, L, M, N, O, P (italicized above). After reviewing the state court record, it is clear that Petitioner did not fairly present any of the above grounds in his art. 11.07 writ. The state writ only stated that counsel "failed to conduct a thorough investigation into the case" and locate "a person [who] was arrested with the applicant," and failed to file any pre-trial motions and discovery. *Ex parte Lupian*, at 6 and 11. Petitioner asserts that his "points of ineffective assistance arise out of the same conduct" -- namely that "trial counsel did absolutely nothing to prepare for trial" -- and, thus, they are subsumed within the general claims pled in the art. 11.07 application (Pet's Response at 2). This contention is meritless. The ineffective assistance claims pled in the federal petition are not the "substantial equivalent" of the claims presented to the state court. Petitioner specifically advances new legal theories of ineffective assistance of counsel that were not in pled in state court. Therefore grounds A, C, E, F, G, I, J, K, L, M, N, O, P remain unexhausted.

The failure to properly present these claims to the highest court in Texas constitutes a

4

procedural default that could bar this Court from considering such claims on federal habeas review.  *See In re Bagwell,* 401 F.3d 312, 315 (5th Cir. 2005); *Busby v. Dretke,* 359 F.3d 708, 724 (5th Cir. 2004).  Were this Court to require petitioner to present these claims to the Court of Criminal Appeals, they would be subject to dismissal under the Texas abuse-of-the-writ doctrine, Tex.Code Crim. Pro. Ann. art. 11.07, § 4.  That doctrine "prohibits a second [state] habeas petition, absent a showing of cause, if the applicant urges grounds therein that could have been, but were not, raised in his first habeas petition."  *Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir.1997) (footnote omitted).  "[A]rticle 11.07 § 4 is an adequate and independent state procedural ground to bar federal habeas review and . . . has been strictly and regularly applied since 1994."  *Smith v. Johnson,* 216 F.3d 521, 523 (5th Cir. 2000).  When such a state procedural ground exists, "federal courts ordinarily will not review questions of federal law." *Id.*  Consequently, unless Petitioner can overcome the procedural bar, the unexhausted claims may not be considered.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate cause and prejudice or a fundamental miscarriage of justice.  *Id.* at 524.  Petitioner has shown no cause for failing to raise the claims to the Court of Criminal Appeals.  Petitioner could have presented the claims to the Court of Criminal Appeals through his *pro se* state application for writ of habeas corpus, but failed to do so.  Nor has he shown himself to be actually innocent of the offense of possession with intent to deliver a controlled substance, and therefore cannot show that a fundamental miscarriage of justice will result from a failure to consider his claims.

For the foregoing reasons, petitioner has not overcome the state procedural bar.

Accordingly, the procedural default doctrine bars federal habeas relief on the following grounds of ineffective assistance of counsel:  A, C, E, F, G, I, J, K, L, M, N, O, P.

      B.      <u>Procedural Bar of Sufficiency of Evidence Claim</u>

Respondent correctly notes that Petitioner did not fairly present his sufficiency of the evidence claim to the Court of Criminal Appeals in a procedurally correct manner.  He did not file a petition for discretionary, and the trial court specifically found that "sufficiency of the evidence claims are not cognizable in an Application for Writ of Habeas Corpus." *Ex parte Bautista*, at 29 (citing *Ex parte McClain*, 869 S.W.2d 349, 351 (1994)); *see also West v. Johnson*, 92 F.3d 1385, 1398, n. 18 (5th Cir. 1996).  Since the Court of Criminal Appeals denied the state writ on the findings of the trial court without hearing, it adopted that procedural reason for not considering this claim. Thus, Petitioner has procedurally defaulted his legal-sufficiency-of-the-evidence claim and, as noted above, cannot overcome the procedural bar.  Therefore, the Court will not review this claim.[2]

      C.      <u>Merits Review of Non-defaulted Ineffective Assistance of Counsel Claims</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), precludes habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[2] Petitioner's assertion that he raised a "no evidence" claim as opposed to an insufficiency of the evidence claim (Pet's Response at 7-8) is wholly meritless.  The evidence presented at trial affirmatively linked Petitioner to the contraband found in the car and at the construction site and, therefore, that he "acting alone or as a party," knowingly possessed it with intent to deliver it.  *Bautista v. State*, No. 05-03-01293-CR, slip op. at 8.

28 U.S.C. § 2254(d).

When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of trial counsel, he must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984). *See also Williams v. Taylor*, 529 U.S. 362, 390-91, 120 S. Ct. 1495, 1512-16 (2000); *Ward v. Dretke*, 420 F.3d 479, 487 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1621 (2006). In evaluating a counsel's performance, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Titsworth v. Dretke*, 401 F.3d 301, 310 (5th Cir. 2005) *cert. denied*, 126 S. Ct. 1022 (2006) (citing *Strickland*, 466 U.S. at 689). In determining prejudice, a reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 697.

Petitioner alleges that counsel failed to investigate, file pre-trial motions, and conduct pre-trial discovery. He further alleges that counsel failed to investigate his "co-defendant," Jesus Vasquez, who was arrested with Petitioner.[3]

Allegations of a counsel's failure to investigate must include with specificity what the investigation would have revealed and how it would have altered the outcome of a defendant's case. *Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000).

Here Petitioner contends in general that counsel did absolutely nothing to prepare for

---

[3] While Petitioner did not identify Jesus Vasquez in his state writ, the trial court assumed he was referring to Vasquez. Since Vasquez and Petitioner were not tried together, the term "co-defendant" is improper.

trial. He fails to provide any details whatsoever as to what kind of investigation counsel could have done, and what evidence such an investigation would have revealed. As a result, his allegations are wholly conclusory. *Ross* v. *Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Even assuming counsel's conduct fell below an objective standard of reasonableness, Petitioner cannot show prejudice -- namely that any pre-trial investigation would have altered the outcome of his trial.

Petitioner next asserts that counsel should have investigated Jesus Vasquez. The duty to investigate includes the duty to locate exculpatory witnesses. *Gray v. Lucas,* 677 F.2d 1086, 1093 n. 5 (5th Cir. 1982); *United States ex rel. Hampton v. Leibach,* 347 F.3d 219, 236 (7th Cir. 2003). Complaints of uncalled witnesses, however, are not favored on collateral review because allegations of what the witnesses would have testified to are largely speculative. *Evans v. Cockrell,* 285 F.3d 370, 377 (5th Cir. 2002). "'[T]o demonstrate the requisite *Strickland* prejudice, [a habeas petitioner] must show not only that [the] testimony would have been favorable, but also that the witness[es] would have testified . . . .'" *Id.* (quoting *Alexander v. McCotter,* 775 F.2d 595, 602 (5th Cir. 1985)).

Apart from his own self-serving statements, Petitioner has presented no evidence in this habeas action that Vasquez would have been willing to testify, and of what Vasquez could or would have testified if he had been called at trial. Petitioner asserts that he had a statement from Vasquez, that "the drugs belonged to him and that Petitioner knew nothing of the drugs," and that he handed this statement to counsel before trial. (*See* Pet's Memorandum in Support at 7). This allegation, in and of itself, is insufficient to meet Petitioner's heavy burden under *Strickland*. Nor can Petitioner rebut the presumption that counsel's failure to call Vasquez at

8

trial was part of reasoned trial strategy. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). The court of appeals concluded that the evidence presented at trial affirmatively linked Petitioner to the contraband found in the car and at the construction site and, therefore, that he "acting alone or as a party," knowingly possessed it with intent to deliver it. *Bautista v. State*, No. 05-03-01293-CR, slip op. at 8. In light of the above evidence, Vasquez's testimony -- that the drugs belonged to him and that Petitioner knew nothing about them -- would not have materially affected the outcome of the trial.

Petitioner has failed to show that the state court's decision rejecting his claims of ineffective assistance of counsel were contrary to or an unreasonable application of clearly established federal law. *See Miller v. Dretke*, 420 F.3d 356, 360 (5th Cir. 2005) (ineffective assistance claims involve mixed questions of law and fact and, as such, are reviewed under the unreasonable application prong of § 2254(d)). Therefore, grounds B, D, H, and M should therefore be denied.

D.   Request for an Evidentiary Hearing

Petitioner requests an evidentiary hearing. (See Pet's Memorandum in Support at 5). However, the AEDPA limits the circumstances in which a habeas corpus petitioner may obtain an evidentiary hearing in federal court, imposing a significant burden on petitioners who fail to diligently develop the factual bases for their claims in state court. *See Williams v. Taylor*, 529 U.S. 420, 433-34 (2000) (prisoners who are at fault for the deficiency in the state court record must satisfy a heightened standard to obtain an evidentiary hearing); 28 U.S.C. § 2254(e)(2). "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams*, 529 U.S. at 437.

9

Under the AEDPA, if a petitioner failed to develop the factual basis of a claim in state court, he is entitled to a federal evidentiary hearing only if (1) the claim relies on either (a) a new rule of constitutional law, made retroactive on collateral review by the Supreme Court, that was previously unavailable or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence *and* (2) the facts underlying the claim are sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense.  *Foster v. Johnson*, 293 F.3d 766, 775 n. 9 (5th Cir. 2002); 28 U.S.C. § 2254(e)(2).

   Petitioner was afforded a full and fair opportunity to develop and litigate his claims for relief during his state habeas corpus proceeding.  Petitioner has presented this Court with no new evidence or factual theories supporting any of his claims that were unavailable to him, despite the exercise of due diligence, during his state habeas corpus proceeding.  Likewise, Petitioner does not identify any new legal theories supporting his claims for relief herein that were unavailable at the time he filed and litigated his state habeas corpus claims.  Petitioner does not offer any *rational* explanation for his failure to fully develop any and all evidence supporting his claims during his state habeas evidentiary hearing. Nor does he identify any additional evidence which he was unable to develop and present to the state habeas court despite the exercise of due diligence on his part.  Under such circumstances, Petitioner is not entitled to a federal evidentiary hearing to further develop the facts supporting his claims.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court DENY the petition for writ of habeas corpus.

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondent.

Signed this 19th day of December, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Serv. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*) a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.