**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JOSE LUPIAN BAUTISTA, #1081345,**   )   <br> Petitioner,   )   <br>   )   <br> v.   )   <br>   )   <br> **NATHANIEL QUARTERMAN, Director,**   )   <br> **Texas Department of Criminal Justice,**   )   <br> **Correctional Institutions Division,**   )   <br> Respondent.   ) | 3:05-CV-2441-P <br> ECF |

**AMENDED ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* habeas corpus action filed by a state inmate pursuant to 28 U.S.C. § 2254. The magistrate judge issued his Findings, Conclusions and Recommendation on December 19, 2006, recommending denial of the petition with prejudice. The Court adopted the magistrate judge's recommendation and entered judgment on January 19, 2007. On the same date, Petitioner filed objection to the recommendation and a motion seeking leave to return to state court to exhaust his state court remedies. On January 26, 2007, Petitioner filed a pleading reiterating that he had filed a timely objection to the findings and recommendation.

The objection is timely filed based on Petitioner's representation that he did not receive the recommendation until December 28, 2006, and that he mailed his objection on January 12, 2007. Therefore, the Court vacates the January 19, 2007 judgment and order accepting the findings, conclusions and recommendation of the magistrate judge, and proceeds to review *de novo* those portions of the magistrate judge's findings and recommendation to which objection has been made.

## ANALYSIS

Petitioner alleges that he did not exhaust his state court remedies because "[t]here exist circumstances created by the 282nd District Court that render[ed] the 11.07 writ of habeas corpus process ineffective to protect Petitioner's right." (Pet's Objection at 9). Thus, he requests leave to return to state court at this time to exhaust his state court remedies.

In support of the above request, Petitioner raises three arguments, which the Court will address *seriatim*. First, he contends the trial court lacked jurisdiction to consider his art. 11.07 application. He explains the Dallas District Clerk returned his application on June 17, 2003, noting that a separate application was needed for each judgment of conviction. On July 7, 2003, apparently unbeknownst to Petitioner, the Clerk went ahead and filed his application as it was originally submitted. (*Id.* and Exh. 0).

This allegation is wholly unsupported and patently frivolous. The state court record reflects that the art. 11.07 application filed on July 7, 2003, challenged only one judgment of conviction, instead of two judgments as did the initial application. *See Ex parte Bautista*, No. WR-61,094-01, at 2. Thus, it appears that a revised application was submitted for filing in either late June or early July 2003.

Second, Petitioner asserts that the art. 11.07 application, filed on July 7, 2003, did not invoke the jurisdiction of the trial court because a timely *pro se* notice of appeal was pending. In support of this assertion, Petitioner relies on the trial court's order issued on August 29 or 30, 2003, directing that Petitioner's *pro se* notice of appeal be filed with the Fifth District Court of Appeals, and that counsel be appointed. (Pet's Objection at 10 and Exh. 2).

2

This argument lacks any merit. On July 7, 2003, when the clerk filed the art. 11.07 writ, Petitioner's *pro se* notice of appeal had not yet been filed with the Court of Appeals. Petitioner's own pleadings confirm that his *pro se* notice of appeal was filed with the Court of Appeals on or about August 30, 2003, and that the 11.07 writ was immediately held in abeyance pending resolution of the direct appeal. By letter dated January 29, 2004, Clinton Broden (who had been appointed by the trial court to resolve the issues raised in the art. 11.07 writ) specifically advised Petitioner that no action would be taken on the art. 11.07 writ until his conviction became final, and in that event, that he would have forty-five days to supplement his art. 11.07 application by "sen[ding his] original pleading to the Court . . . within the time set forth above," namely no later than forty-five days from the date his conviction becomes final. (Pet's Objection at Exh. 3).

In light of the above, the Court concludes that no direct appeal was pending on or about July 7, 2003, when the art. 11.07 writ was filed, and the trial court first exercised jurisdiction over the writ. However, it is worth noting that once the *pro se* notice of appeal was filed in the Court of Appeals, the trial court correctly held the 11.07 writ in abeyance pending resolution of the direct criminal appeal.

Lastly, Petitioner asserts the trial court denied him the promised 45-day period to supplement his 11.07 writ. In support of this contention, he alleges the forty-five-day period to supplemental his 11.07 writ began on July 29, 2004, when the Court of Appeals issued its mandate. (Pet's Objection at 11).

This contention is likewise meritless. As noted above, Clinton Broden's letter of January 29, 2004, correctly advised Petitioner that his conviction would become final on the latest of three dates  -- namely (a) 30 days after affirmance of conviction if no petition for discretionary

3

review (PDR), (b) 90 days after refusal of a PDR, and (c) the day of denial of a petition for writ of certiorari.  (Pet's Objection at Exh. 3).  The date of issuance of the mandate was not among the listed dates.  As a matter of fact, the Fifth Circuit has held that issuance of a mandate does not determine when a conviction becomes final for purposes of the one-year limitation period. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003).

Applying the above standards to this case, it is clear that Petitioner's conviction became final on April 8, 2004, thirty days after the Fifth District Court of Appeals affirmed his conviction.  See TEX. R. APP. P. 68.2(a) (effective September 1, 1997).  Consequently, Petitioner had more than the promised forty-five-day period to supplement his art. 11.07 application before the trial court issued its findings and conclusions on September 29, 2004.[1]

The District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.  The objection is overruled, and the Court accepts the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

**CONCLUSION**

IT IS THEREFORE ORDERED that the January 19, 2007 judgment and order accepting the findings, conclusions and recommendation of the magistrate judge (Docket #16 and #17) are VACATED, that Petitioner's objection is OVERRULED, and that his motion for leave to return to state court (Docket # 15) is DENIED.

---

[1] The state court record reflects that on or about July 18, 2004, after the 45-day period, Petitioner mailed an affidavit in support of his art. 11.07 application, which was filed on July 23, 2004.  *Ex parte Bautista*, No. WR-61,094-01, at 17-18.

IT IS FURTHER ORDERED that the Findings, Conclusions and Recommendation of the United States Magistrate Judge filed on December 19, 2006, are ACCEPTED.

Signed this 30th of January 2007.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE